**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

REHA MEHMET SOYLULAR,

Petitioner,

v.

Case No. 2:26-cv-02646-MIS-GJF

WARDEN, Otero County Processing Center; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, El Paso Field Office Acting Director, Enforcement and Removal Operations; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

Respondents.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Reha Mehmet Soylular's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed August 12, 2026. The federal Respondents responded to the Petition on September 1, 2026 ("Response"), ECF No. 7, arguing that the Court should deny the Petition. Subsequent to filing the Petition, Petitioner also filed two Emergency Motions for Immediate Release. ECF Nos. 6, 8. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

## I. Relevant Background

Petitioner is a citizen of Türkiye who entered the United States on May 8, 1995. Resp. at 2. On February 26, 2014, an Immigration Judge ordered Petitioner removed to Türkiye and the Board of Immigration Appeals dismissed Petitioner's appeal on August 18, 2014, thereby making the Removal Order final. ECF No. 7-3 (citing EOIR Case Information). Petitioner moved to reopen

his case, but his motion was denied on October 2, 2015. Id. Petitioner was detained on July 13, 2025, and has remained in DHS custody since then and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Resp. at 2.

## II. Legal Standard

"The habeas statute provides that a federal district court may entertain a habeas application by a person held 'in custody under or by color of the authority of the United States,' or 'in custody in violation of the Constitution or laws or treaties of the United States.'" Munaf v. Geren, 553 U.S. 674, 685 (2008) (quoting 28 U.S.C. §§ 2241(c)(1), (3)). A petition for writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle for a noncitizen to challenge the legality of immigration detention. Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

Generally, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" 8 U.S.C. § 1231(a)(1)(A). Under 8 U.S.C. § 1231(a)(6), the Attorney General may detain certain noncitizens beyond the ninety-day "removal period" following entry of a final order of removal. However, the statute implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. In Zadvydas, the Supreme Court established a presumptively reasonable six-month period of detention. Id. at 701. After that period, if the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.; see also Clark v. Martinez, 543 U.S. 371, 377-78 (2005). Although the government's authority to detain noncitizens serves important immigration enforcement purposes, that authority "is subject to important constitutional

limitations" and may not continue "once removal is no longer reasonably foreseeable." Zadvydas, 533 U.S. at 695, 699.

**III. Discussion**

Petitioner argues that his prolonged detention, now exceeding 14 months, violates his Fifth Amendment Due Process rights. Pet. at 6. Petitioner asserts that his ongoing detention has no definite determination point and that removal is no longer reasonably foreseeable. Id. at 6. In support, he asserts in one Emergency Motion that he does not possess a valid passport, that Türkiye has declined to issue travel documents, and that no third country is willing to accept him. ECF No. 6 at ¶¶ 3-5. Courts in this district have repeatedly held that prolonged detention, combined with failed or nonexistent removal efforts, satisfies the petitioner's initial burden. Naghiyev v. Bondi, No. 2:25-cv-1313 MIS/DLM, 2026 WL 700064, at *5 (D.N.M. Mar. 12, 2026) (citing Lorenzo v. Bondi, No. 2:25-cv-0923 KWR/GJF, 2026 WL 84521, at *5–6 (D.N.M. Jan. 12, 2026); Jimenez Chacon v. Lyons, 811 F. Supp. 3d 1299, 1310 (D.N.M. Dec. 4, 2025); Salazar-Martinez v. Lyons, No. 2:25-cv-0961 KG/KBM, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025)).

Respondents acknowledge that Petitioner's detention has extended beyond the six-month point identified in Zadvydas; however, Respondents dispute Petitioner's contention that he will be subject to indefinite detention.[1] In support, Respondents submit a travel document for Turkey and declare that removal is imminent by September 28, 2026. ECF No. 7-1 (identifying the email chain showing a travel document was issued); ECF No. 7-2 at ¶ 9 (noting Petitioner is scheduled for a removal mission that will take place prior to September 28, 2026). Based on the information presented by the Respondents, the Court finds that they have met their burden of demonstrating a

[1] Respondents also assert that Petitioner has not shown good reason to believe that his removal is not reasonably foreseeable, but neglect to consider the information in Petitioner's emergency motion filed four days before their response. ECF No. 6, 7. The Court rejects Respondents' assertion that Petitioner has not met his initial burden.

"significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

In the event that Removal does not occur by September 28, 2026, and the failure to remove is not attributable to Petitioner's conduct, Petitioner may file another petition asserting that the Respondents pre-September 28, 2026, removal efforts failed and his removal and is no longer reasonably foreseeable.

Accordingly, it is **HEREBY ORDERED** that Petitioner Reha Mehmet Soylular's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE